## UNITED STATES v. GIESE.

(Circuit Court, S. D. New York. February 18, 1897.)

CUSTOMS DUTIES—CLASSIFICATION—CARBONATE OF POTASH.

The enumeration, in paragraph 595 of the free list of the tariff act of 1894, of "potash, crude, carbonate of, or black salts," includes the three articles, crude potash, carbonate of potash, and black salts; and carbonate of potash, from which impurities have been removed by leeching, is accordingly entitled to free entry.

Hartley & Coleman, for importer.
J. T. Van Rensselaer, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). The article in question is carbonate of potash. It was classified for duty under paragraph 60 of the tariff act of August 28, 1894, as a chemical salt not otherwise provided for. The importer protested, claiming it was free under paragraph 595 of the free list of said act, which is as follows: "Potash, crude, carbonate of, or black salts." The board of general appraisers sustained the protest, and the United States appeals. This product has been subjected to a leeching process, whereby certain impurities have been removed. It is neither crude potash, crude carbonate of potash, nor black salts. Counsel for the United States concludes that this provision should be read with the word "crude" qualifying the whole paragraph, and that congress intended thereby to admit free of duty only one product, namely, crude carbonate of potash, also known as "black salts." The importer has proved, and the board of general appraisers, sustaining his protest, has found, that there are distinct articles known respectively in trade and commerce as "crude potash," "carbonate of potash," and "black salts." I think congress intended, by this language, to provide that each of these articles should be free. The decision of the board of general appraisers is affirmed.